UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: PAUL HANSMEIER<br>　　　　　　　Debtor. | BKY No. 16-4124 |
| SANDIPAN CHOWDHURY;<br>BOOTH SWEET, LLP,<br><br>　　　　　　　Appellant,<br><br>v.<br><br>RANDALL L. SEAVER, *Trustee of the*<br>*Bankruptcy Estate of Paul Hansmeier*<br><br>　　　　　　　Appellee. | Civil No. 17-723 (JRT)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER REVERSING**<br>**THE BANKRUPTCY**<br>**COURT ORDER** |

Paul A. Godfread, **GODFREAD LAW FIRM, P.C.**, 6043 Hudson Road, Suite 305, Woodbury, MN 55125, for appellant;

Matthew D. Swanson, **FULLER, SEAVER, SWANSON & KELSCH, P.A.**, 12400 Portland Avenue South, Suite 132, Burnsville, MN 55337, for appellee.

In 2013, Appellants Sandipan Chowdhury and Booth Sweet, LLP, obtained a judgment against Debtor Paul Hansmeier in the United States District Court for the District of Massachusetts. The judgment was attached as a lien against Hansmeier's condominium. Subsequently, Hansmeier filed for bankruptcy. Hansmeier's condominium was sold and the Chapter 7 Trustee ("Trustee") approved payment of the judgment.

In 2016, the First Circuit vacated Chowdhury and Booth Sweet's judgment and remanded the case to the United States District Court. The Trustee brought an adversary

proceeding in Bankruptcy Court against Chowdhury and Booth Sweet seeking recovery of the amount paid on the judgment. After Chowdhury and Booth Sweet did not respond to the complaint, the Trustee filed for default judgment without first filing for an entry of default. The Bankruptcy Court entered default judgment and, ultimately, denied Chowdhury and Booth Sweet's motion to vacate. Because the Bankruptcy Court did not follow the proper two-step procedure required by Federal Rule of Civil Procedure 55, this Court will construe the Bankruptcy Court's default judgment as an entry of default and will reverse and remand the case to the Bankruptcy Court for further proceedings consistent with this opinion.

## BACKGROUND

### I. *AF HOLDINGS, LLC V. CHOWDHURY*

On November 13, 2012, AF Holdings brought a copyright-infringement action in the United States District Court for the District of Massachusetts against Chowdhury alleging that Chowdhury knowingly and illegally reproduced and distributed a copyrighted video allegedly owned by AF Holdings. Complaint ¶ 1, AF Holdings, LLC v. Sandipan Chowdhury, No. 12-cv-12105-JLT (D. Mass Nov. 13, 2012). Prenda Law, Inc., represented AF Holdings in the copyright action. Chowdhury brought counterclaims against AF Holdings including unfair or deceptive conduct in violation of Massachusetts law. Answer ¶¶ 49-59, *Chowdhury*, No. 12-cv-12105-JLT. Booth Sweet represented Chowdhury.

While AF Holdings' action against Chowdhury was pending, the United States

District Court for the Central District of California concluded that AF Holdings and Prenda Law were the alter egos of Hansmeier and his partners, who collectively forged the signature of Alan Cooper, the groundskeeper of one of Hansmeier's partners, on the copyright assignment of a different video. *See Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx), 2013 U.S. Dist. LEXIS 64564, at *6-9 (C.D. Cal. May 6, 2013). In light of these revelations, Chowdhury moved for default judgment, alleging that AF Holdings fraudulently signed Cooper's name on the copyright assignment of the video Chowdhury allegedly distributed. Mem. Supp. Def.'s Mot. Default J. at 2-3, *Chowdhury*, No. 12-cv-12105-JLT. The United States District Court for the District of Massachusetts granted Chowdhury's motion and awarded Chowdhury $64,180.80 with interest. Final Judgment ("*Chowdhury* Judgment"), *Chowdhury*, No. 12-cv-12105-JLT. On October 17, 2014, the *Chowdhury* Judgment was attached as a lien against Hansmeier's Minnesota condominium.

AF Holdings appealed the *Chowdhury* Judgment to the United States Court of Appeals for the First Circuit. On August 4, 2016, the First Circuit vacated the *Chowdhury* Judgment as to Hansmeier on jurisdictional grounds and remanded the matter to the United States District Court for the District of Massachusetts. *AF Holdings, LLC v. Chowdhury*, No. 13-2535 (1st Cir. Aug. 4, 2016).

## II. Hansmeier's Bankruptcy

On July 13, 2015, Hansmeier filed a voluntary Chapter 13 bankruptcy petition. (App. at 19, U.S. Trustee's Mot. to Convert Case to Chapter 7 ("Mot. to Convert") ¶ 18, June 1, 2017, Docket No. 15.) In September or October 2015, Hansmeier listed his

condominium for sale without notifying the Chapter 13 trustee.  (*Id.* at 18-19, Mot. to Convert ¶ 16.)  In November 2015, Hansmeier accepted an offer to sell the condominium for $1,200,000 and moved for approval to sell the condominium.  (*Id.*; App. at 35, Mot. to Sell Free & Clear.)

On December 3, 2015, the Bankruptcy Court converted Hansmeier's case to a Chapter 7 case and approved the sale of the condominium but ordered that the proceeds "shall be used at closing only to satisfy the underlying first mortgage on the property, judgment lien, realtor fees, and all other usual and customary closing costs such as deed recording fees paid to the county."  (App. at 68-69, Order at 1-2.)  On December 15, 2015, the condominium was sold and the *Chowdhury* Judgment was included among the closing costs.  (App. at 70, ALTA Settlement Statement.)  The Chapter 7 Trustee approved the terms of the sale and payment of the *Chowdhury* Judgment.

Following the First Circuit's vacatur of the *Chowdhury* Judgment on August 4, 2016, the Chapter 7 Trustee demanded recovery of the amount paid to satisfy the judgment.  (App. at 268-69, Letter from Matthew D. Swanson to Edward P. Sheu (Oct. 25, 2016).)  Chowdhury and Booth Sweet objected to repayment of the judgment.  (App. at 276-77, Letter from Jason Sweet to Matthew Swanson (Oct. 26, 2016).)

### III. Adversary Proceeding

The Trustee began an adversary proceeding against Chowdhury and Booth Sweet on November 18, 2016, seeking to recover the payment of the *Chowdhury* Judgment. (App. at 89-96, Compl. at 1-8.)  Neither Chowdhury nor Booth Sweet returned the summons or answered the complaint within thirty days of service.  (App. at 217, Appl.

Default J. ¶¶ 7-14; App. at 225, Aff. of Default ¶ 2.)

On January 3, 2017, Chowdhury and Booth Sweet sent the Trustee a settlement offer. (App. at 294, Letter from Jason Sweet to Matthew Swanson (Jan. 3, 2017).) The Trustee declined the offer the next day and stated it was "not moving forward with any meaningful settlement negotiation." (Appellant's App. at 304, Email from Matthew Swanson to Jason Sweet (Jan. 4, 2017).)

On January 5, 2017, Jason Sweet, attorney for Booth Sweet, underwent emergency surgery. (App. at 259, Decl. of Jason E. Sweet ¶ 7.) After being discharged from the hospital, Sweet left Minnesota to attend his grandmother's funeral on January 9, 2017. (*Id.* at 260, Aff. of Jason E. Sweet ¶ 8-10.) Sweet remained on prescription medications that made him "cloudy" and confused. (*Id.*)

On January 10, 2017, the Chapter 7 Trustee moved for default judgment. (Appellant's App. at 216, Appl. Default J.) The Bankruptcy Court found that Chowdhury and Booth Sweet did not return the summons and did not file an answer or response to the complaint within the time period allotted by the rules and that any response would now be untimely. (*Id.* at 235, Default J. Order at 2.) The Bankruptcy Court, therefore, entered default judgment against Chowdhury and Booth Sweet in the amount of $71,620.90. (*Id.* at 237, Default J. Order at 5; Appellant's App. at 239, J.)

Chowdhury and Booth Sweet moved to vacate the default judgment on January 19, 2017. (Appellant's App. at 240, Mot. to Vacate Default J.) On February 22, 2017, the Bankruptcy Court found that (1) the parties were not engaged in active settlement negotiations, (2) neither Chowdhury nor Booth Sweet were able to explain their failure to

answer the complaint, and (3) Chowdhury and Booth Sweet's affirmative defenses were not likely to succeed on the merits. (App. at 368, Hr'g Tr. 25:3-19.) Applying the four factors from *Pioneer Ins. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), the Bankruptcy Court concluded that the Trustee was prejudiced by the expense of resources needed to continue litigation of the adversarial proceeding and that Chowdhury and Booth Sweet offered no reasonable explanation for the delay in filing an answer. (*Id.* at 370-71, Hr'g Tr. 27:1-28:25.) The Bankruptcy Court, therefore, denied the motion. (*Id.* at 375, Hr'g Tr. 32:1-2.)

Chowdhury and Booth Sweet appeal.

## ANALYSIS

### I.   STANDARD OF REVIEW

In bankruptcy proceedings the District Court sits as an appellate court and reviews the Bankruptcy Court's conclusions of law *de novo* and its findings of fact for clear error. *Reynolds v. Pa. Higher Educ. Assistance Agency*, 425 F.3d 526, 531 (8th Cir. 2005). The Court reviews the Bankruptcy Court's decision to grant a default judgment for an abuse of discretion, "with sensitivity to the perceptions of the judge on the scene, but also with a recognition that defaults are disfavored." *In re Suprema Specialties*, 330 B.R. 40, 45 (S.D.N.Y. 2005). "[W]hen the grant of a default judgment precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998).

### II.   THE DEFAULT JUDGMENT WAS PROCEDURALLY IMPROPER.

The Court must decide whether the Bankruptcy Court abused its discretion by

entering default judgment even though the Trustee had not yet obtained an entry of default against Chowdhury and Booth Sweet.

Federal Rule of Civil Procedure 55 governs default in adversary proceedings in bankruptcy court. Fed. R. Bankr. P. 7055. Under Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A judgment of default may, thereafter, be entered on application to the Court." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009); *see also* Fed. R. Civ. P. 55(b). "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson*, 140 F.3d at 783. "Only after an application is made, and granted under Rule 55(a), can a [party] seek a [d]efault [j]udgment." *Armstrong v. Astrue*, 569 F. Supp. 2d 888, 895 n.6 (D. Minn. 2008). A court's grant of a default judgment before entry of default is a reversible error. *See Tollefson v. Pladson*, 508 Fed. App'x. 593, 595 (8th Cir. 2013).

Neither the Trustee nor the Bankruptcy Court followed the two-step procedure in this case. The Trustee filed an application for default judgment without first requesting that the clerk enter Chowdhury and Booth Sweet's default as required by Rule 55(a). Without an entry of default by the clerk, the Bankruptcy Court entered a default judgment on January 10, 2017, the same day the Trustee submitted his application to the court. (App. at 367, Hr'g Tr. 24:7–13 ("[C]ounsel for the plaintiff filed an application for default judgment and an order granting that application was entered later that day.").) The two-step procedure required by the Rule 55 was not followed in this case. *See*

*Armstrong*, 569 F. Supp. 2d at 895 n.6.

Nevertheless, the Trustee argues that he followed the local rules for the United States Bankruptcy Court for the District of Minnesota. The United States Bankruptcy Court for the District of Minnesota has enacted Local Rule 7055-1, which states in full:

> A party **seeking default judgment** shall serve on any party in default and file: 1) an application for default judgment; 2) an affidavit of default stating that no defense or other response of any kind has been received or, if one has been received, detailing the defense or other response received; 3) an affidavit of identification of the defaulting party including address and military or infancy or competence status; 4) an affidavit on the merits and the amount due including costs and disbursements by a person with personal knowledge; and 5) proposed findings of fact, conclusions of law and order for judgment. If the summons and complaint were served by mail and then returned by the postal service, the party seeking judgment shall disclose that to the court by affidavit. If the application for default judgment was served by mail and then returned by the postal service, the party seeking judgment shall disclose that to the court. The court may, in its discretion, hold a hearing before entry of default judgment.

Local rules of procedure must be "consistent with . . . [the Federal Rules of Bankruptcy Procedure]." Fed. R. Bankr. P. 9029(a)(1). Because Local Rule 7055-1 must be consistent with Federal Rule of Bankruptcy Procedure 7055 (and, therefore, with Federal Rule of Civil Procedure 55), an entry of default must precede a default judgment. *See* Fed. R. Civ. P. 55; *Johnson*, 140 F.3d at 783. Moreover, Local Rule 7055-1 presupposes entry of default and merely sets the procedure to be used for entering default judgment. Again, the clerk never entered Chowdhury and Booth Sweet's default.

Because the Court will conclude that the Bankruptcy Court erred by failing to follow the proper two-step procedure before entering default judgment, the Court will

- 8 -

construe the Bankruptcy Court's default judgment as an entry of default under Rule 55(a).[1] *See Johnson*, 140 F.3d at 783 (holding that a district court properly construed its default judgment as an entry of default where it had failed to previously enter the party's default).

As a result of the Bankruptcy Court's failure to follow the proper default procedures, Chowdhury and Booth Sweet were wrongly held to a higher standard for purposes of their motion to vacate the default judgment. A court may set aside an **entry of default** for "good cause." Fed. R. Civ. P 55(c). A court may set aside a **default judgment** pursuant to Rule 60(b), which requires a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 55(c), 60(b). Relief from a default judgment requires a stronger showing of excuse than relief from a mere entry of default. *Johnson*, 140 F.3d at 783-84. The Bankruptcy Court applied the standard from *Pioneer Ins. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), which concerned the "more stringent standard in Rule 60(b)(1)." *Johnson*, 140 F.3d at 784. Chowdhury and Booth Sweet were entitled to the more lenient "good cause" standard in considering the denial of their motion to vacate the default judgment. *Id.* Whether Chowdhury and Booth Sweet can show good cause and cure the entry of default is a question for remand.

The Court will reverse the Bankruptcy Court's judgment and remand the case for further proceedings consistent with this opinion.

---

[1] Chowdhury and Booth Sweet also appeal the denial of Rule 55(c) relief. Because the Court will conclude that the Bankruptcy Court erred in granting default judgment in the first instance, the Court need not reach the denial of Rule 55(c) relief. *See Tollefson*, 508 Fed. App'x. at 594 n.1.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **REVERSES AND REMANDS** the January 10, 2017, order of the Bankruptcy Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 8, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                         Chief Judge
                                    United States District Court