## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: PAUL HANSMEIER | BKY No. 16-4124 |
| Debtor. | |

| | |
|---|---|
| SANDIPAN CHOWDHURY;<br>BOOTH SWEET, LLP, | Civil No. 17-723 (JRT) |
| Appellant, | **ORDER** |
| v. | |
| RANDALL L. SEAVER, *Trustee of the*<br>*Bankruptcy Estate of Paul Hansmeier* | |
| Appellee. | |

On November 8, 2017, the Court issued its order reversing and remanding the decision of the Bankruptcy Court. (Mem. Op. and Order, Nov. 8, 2017, Docket No. 18.) While describing the facts in the background section, the Court mentioned an opinion from the United States District Court for the Central District of California:

> While AF Holdings' action against Chowdhury was pending, the United States District Court for the Central District of California concluded that AF Holdings and Prenda Law were the alter egos of Hansmeier and his partners . . . . *See Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx), 2013 U.S. Dist. LEXIS 64564, at *6-9 (C.D. Cal. May 6, 2013).

(*Id.* at 2.) Debtor Paul Hansmeier objects to this sentence and asks that the Court strike it from the order because "[t]here is no such finding in that order."

The Court disagrees that modification of its previous order is necessary. First, the

sentence is only relevant to explaining the factual background and bears no relevance to the Court's decision.  The Court did not make a legal conclusion that AF Holdings and Prenda Law are the alter egos of Hansmeier for liability purposes.  Second, the *Ingenuity 13* opinion substantially supports the Court's summary.  The court in *Ingenuity 13* adopted an organizational chart showing that Hansmeier and his partners—through AF Holdings, Prenda Law, and other entities—served as both "counsel" and "client" in "vexatious" lawsuits designed to "maximize settlement profits."  *See* 2013 U.S. Dist. LEXIS 64564 at *3-5.  The court also found that Hansmeier and his partners "created these entities to shield the Principals from potential liability and to give an appearance of legitimacy."  *Id.* at *2.  Finally, other Courts have summarized the findings in *Ingenuity 13* using the phrase "alter ego."  *See AF Holdings LLC v. Navasca*, No. C-12-2396 EMC, 2013 WL 5701104 at *9, *15 (N.D. Cal. 2013) (stating in a report and recommendation that "[i]ssue preclusion bars AF, Steele and Hansmeier from re-litigating the findings of fact Judge Wright made in *Ingenuity 13* regarding their **alter ego** relationship.")  The Court therefore will deny Hansmeier's request.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **DENIES** Paul Hansmeier's request to strike.

DATED:  November 14, 2017                   \_\_\_\_s/John R. Tunheim_____  
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM  
                                                                  Chief Judge  
                                                          United States District Court